IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA A. McGREEVY,<br>　　　Plaintiff | CIVIL ACTION – LAW |
| v. | |
| ROGER STROUP, individually and in his official capacity as Principal of Bermudian Springs Elementary School, KATHLEEN TSOSIE, individually and in her capacity as Assistant Principal of Bermudian Springs Elementary School District, GERALD SOLTIS, individually and in his official capacity as Superintendent of Bermudian Springs School District, and BERMUDIAN SPRINGS SCHOOL DISTRICT,<br>　　　Defendants | NO. 1:CV 01-1461<br><br>JUDGE CONNER<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE
EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 401, 402 AND 403**

**I.   STATEMENT OF FACTS**

　　See, Plaintiff's motion which is incorporated herein by reference.

**II.   STATEMENT OF QUESTIONS INVOLVED**

　　Should Defendants' lawyer and/or his witnesses be allowed to raise or discuss issues which violate Federal Rules of Evidence 401, 402 and 403?

### III. ARGUMENT

Federal Rule of Evidence 401 provides as follows:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

As set forth in Plaintiff's Motion, Plaintiff's political affiliation, religion, horses, business, divorce, marital engagement, family finances and inheritances, friends and miscarriage have virtually no probative value. The relevance of this evidence under even the weak test of Federal Rule of Evidence 401 is highly suspect. Defense counsel's personal experiences with retarded school children are not evidence and should be excluded. Irrelevant evidence is not admissible. Federal Rule of Evidence, 402.

Without conceding that the evidence is relevant, but in the event that the Court should determine that the information has some relevance, the probative value of the evidence is outweighed by the danger of prejudice to Plaintiff and the evidence should be excluded to avoid undue delay and waste of time. Federal Rule of Evidence 403. Evidence of Plaintiff's political affiliation, religion, horses, business, divorce, marital engagement, family finances and inheritances, friends and miscarriage and disposition of the remains has very little probative value, if any, and simply invites a decision on an improper basis.

As set forth in the Motion, with respect to Defendants' witnesses, the best way to deal with potentially prejudicial testimony by Defendants' witnesses is with a detailed offer of proof from each witness. However, we have to anticipate that at every stage of the proceedings (*i.e.*, in the voir dire, the opening statement, the questioning of all witnesses, and the closing) that Mr. Russell will attempt to intrude himself into the case with his family history, his opinions based on 31 years of experience, and his attempts to be an expert on nursing law and regulations which

he is inclined to completely ignore both in his questioning and in his summary judgment briefs. These issues will intrude into the voir dire, the opening statement, the questioning of witnesses, and his closing statement unless the Court enters an appropriate order in advance of trial in an effort to exclude his highly prejudicial trial tactics from the case.

    WHEREFORE, it is requested that the Court enter the Order attached to Plaintiff's Motion In Limine To Exclude Evidence Under Federal Rules Of Evidence 401, 402 and 403.

    Respectfully submitted,

    ANGINO & ROVNER, P.C.


    _____s/ Richard C. Angino_____
    Richard C. Angino, Esquire
    I.D. No. 07140
    Joan L. Stehulak, Esquire
    I.D. No. 29496
    4503 N. Front Street
    Harrisburg, PA  17110
    (717) 238-6791
    Attorney for Plaintiff

Date:  11/14/05

## CERTIFICATE OF SERVICE

I, Richard C. Angino, Esquire hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 401, 402 AND 403** was served by electronic mail upon the following:

Stephen S. Russell, Esquire
Stock and Leader
6th Floor
Susquehanna Commerce Center East
221 West Philadelphia Street
York, PA  17404

                                          s/ Richard C. Angino
                                          Richard C. Angino

Dated:  11/14/05